# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SAINT-GOBAIN CERAMICS & PLASTICS, INC.,**
**Employer Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 17-0983** (BOR Appeal No. 2052021)
                            (Claim No. 2012022565)

**CHRISTOPHER S. RUSH,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Saint-Gobain Ceramics & Plastics, Inc.[1], by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review[2].

The issue on appeal is whether Mr. Rush is entitled to the requested medical benefits in this claim. In an Order dated June 7, 2016, the claims administrator denied authorization to reopen the claim for medical benefits and for emergency department treatment at St. Joseph's Hospital on April 30, 2016. The Office of Judges reversed the claims administrator's decision, and ordered that Mr. Rush be granted retroactive authorization for the April 30, 2016, emergency department visit at St. Joseph's Hospital. The Office of Judges further Ordered that the claim remain open for medical benefits. This appeal arises from the Board of Review's Final Order dated October 4, 2017, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the employer's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the brief of Saint-Gobain Ceramics & Plastics, Inc., and the record presented, the Court finds no substantial question of

---

[1] The style of the case in the Board of Review's Order dated October 4, 2017, lists the employer as Corhart Refractories Corporation. However, counsel for the employer uses the name Saint-Gobain Ceramics & Plastics, Inc., in this Petition for Appeal. It is noted that Corhart Refractories Corporation is a subsidiary of the Saint-Gobain Corporation.

[2] Christopher S. Rush did not file a response.

law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rush is a maintenance worker at Corhart Refractories Corporation's production facility. He sustained a compensable lumbar spine injury while removing a pump from a box while working on October 10, 2011. The claim was held compensable for lumbar strain by a claims administrator Order dated January 25, 2012. The Order did not hold neuralgia/neuritis as a compensable condition.

Mr. Rush underwent an MRI on April 19, 2013, which revealed a large left-sided disc herniation at the L3-L4 level. The imaging also revealed a disc bulge at the L4-L5 level, as well as a synovial cyst at that level. The report stated that there was a disc bulge at the L5-S1 level that had some contact with the exiting right L5 nerve root. Mr. Rush was referred to a neurosurgeon.

On May 13, 2014, Mr. Rush underwent a second MRI, which showed mild bulging at L5-S1, with mild facet osteophyte disease on the right. No spinal canal or foraminal stenosis was observed. At L4-L5, there was mild loss of height in signal intensity. A small central disc protrusion was seen with a small area of increased signal intensity in annulus compatible with annular fissure. No foraminal stenosis or spinal canal stenosis was seen. The L3-L4 disc showed loss of disc height and signal intensity. Central and left central disc herniation was noted. The impression listed was degenerative disc disease with small herniation seen at L3-L4 and L4-L5 levels. On April 25, 2014, the claims administrator authorized the MRI and the approval of physical therapy from March 11, 2014, to June 17, 2014.

Mr. Rush saw Joseph Grady, M.D., on October 14, 2013, for an independent medical evaluation. According to Dr. Grady, Mr. Rush felt a sudden onset of pain in his lumbar spine that radiated to the right leg when he lifted a pump from a box. Mr. Rush continued working and sought treatment with his primary care physician, John Mathis, M.D., on January 13, 2012. Dr. Mathis prescribed physical therapy, which provided some relief. At the time of his evaluation with Dr. Grady, Mr. Rush reported no tenderness, and his straight-leg raising tests were negative. Dr. Grady diagnosed lumbar sprain with a reported lumbar disc herniation at L3-L4, with bulging discs from L4 to S1. Dr. Grady observed no signs of radiculopathy. Dr. Grady noted that Mr. Rush's lumbar spine continued to be symptomatic. Dr. Grady found that Mr. Rush had reached his maximum degree of medical improvement, and utilized the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), to find that Mr. Rush has 0% impairment for his compensable conditions.

On October 25, 2013, the claims administrator granted Mr. Rush a 0% permanent partial disability award based upon Dr. Grady's medical evaluation. The claims administrator's decision was affirmed by the Office of Judges in an Order dated January 7, 2015.

On August 11, 2014, the claims administrator approved several additional conditions to Mr. Rush's claim. The conditions of displacement of the lumbar intervertebral disc without myelopathy, overexertion and strenuous movements, and sprain of the lumbar region were added

2

to the claim as compensable components. The claims administrator's decision to include the additional components was based upon Mr. Rush's MRI dated April 19, 2013.

On April 30, 2016, Mr. Rush reported to the emergency room at St. Joseph's Hospital with complaints of low back pain. The clinical notes from that emergency room encounter state that Mr. Rush had not sustained any recent, known injury to his low back. Mr. Rush was diagnosed with acute chronic low back pain. He was treated and discharged in stable condition. Subsequent to his emergency room visit, Mr. Rush sought coverage under his current workers' compensation claim.

In response to his request for coverage for the emergency room visit, the claims administrator requested that Syam Stoll, M.D., review the claim. Dr. Stoll provided a Physician's Review report on June 3, 2016, and noted that Mr. Rush sustained a lumbar sprain/strain injury approximately five years earlier. Based on the age of the injury, and the lack of ongoing treatment, Dr. Stoll recommended that Mr. Rush's treatment for low back pain not be covered under Mr. Rush's workers' compensation claim. By Order dated June 7, 2016, the claims administrator denied Mr. Rush's request to reopen the claim for treatment for low back pain. Mr. Rush protested the claims administrator's decision.

A deposition of Mr. Rush was taken on November 10, 2016. Mr. Rush testified that he continued to work following his work related injury on October 10, 2011, and he experienced some lumbar flare-ups after that time. He stated that his symptoms increased to the point that he had to seek treatment at St. Joseph's Hospital on April 30, 2016, where he presented with complaints of low back pain radiating to his lower extremity. Mr. Rush denied any intervening injuries, and he testified that, while working, he took care not to reinjure his back. Although his current symptoms are in the same location as the compensable injury, Mr. Rush testified that his current pain is sharper than what it was previously. Mr. Rush testified that the severe pain rendered him unable to perform basic activities of daily living, including the ability to dress.

On appeal, the Office of Judges addressed the claims administrator's reopening determination, as well as Mr. Rush's request for retroactive authorization for his emergency room visit. The Office of Judges found that the claims administrator was clearly wrong when it suggested that Mr. Rush needed to reopen his claim for benefits. Although Mr. Rush's last authorized treatment was twenty-two months prior to his request for authorized treatment at St. Joseph's Hospital, the Office of Judges determined that he was within the five-year period for additional treatment enumerated in West Virginia Code § 23-4-16(a)(4) (2005). The Office of Judges found that the evidence shows that Mr. Rush had no lumbar symptoms or injuries prior to his date of injury of October 10, 2011, and concluded that Mr. Rush is entitled to treatment for his herniated lumbar disc and ongoing symptoms. The claims administrator's Order dated June 7, 2016, was reversed, and the Office of Judges held that it is more likely than not that the medical services that were provided at St. Joseph's Hospital were for symptoms related to the compensable lumbar herniated disc. The Office of Judges also ordered that the claim remain open for medical benefits. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed its Order on October 4, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Rush has proved by a preponderance of the evidence that the treatment he received on April 30, 2016, in the emergency department at St. Joseph's Hospital was to treat his injury received in the course of and as a result of his employment. The Office of Judges and Board of Review correctly determined that Mr. Rush received reasonably required medical treatment for his compensable herniated lumbar disc. The Office of Judges and Board of Review also correctly held that the claim should remain open for authorized medical benefits pursuant to West Virginia Code § 23-4-16(a)(4), which allows claimants to request medical treatment within five years from the last date a claimant received authorized medical treatment. The evidence of record indicates that Mr. Rush is within the five-year treatment period enumerated in the statute, and the claim should remain open for additional treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4